IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-204

 No. COA20-864

 Filed 5 April 2022

 New Hanover County, No. 19CVS1562

 SUSAN B. HALL, Plaintiff,

 v.

 WILMINGTON HEALTH, PLLC, Defendant.

 Appeal by defendant from order entered 14 July 2020 by Judge J. Stanley

 Carmical in Superior Court, New Hanover County. Heard in the Court of Appeals 7

 September 2021.

 Reiss & Nutt, PLLC, by Kyle J. Nutt, for plaintiff-appellee.

 Walker, Allen, Grice, Ammons, Foy & Klick, LLP, by Norman F. Klick, Jr. and
 Jerry A. Allen, Jr., and Robinson, Bradshaw & Hinson, P.A., by Robert E.
 Harrington, for defendant-appellant.

 STROUD, Chief Judge.

¶1 This case involves a discovery order intended to address concerns regarding

 safety and travel during the COVID-19 pandemic. The issue here arose at the very

 start of the pandemic, and since then, judges and attorneys have learned a great deal

 about COVID-19, proceedings by remote video-conference, and juggling the ever-

 changing guidelines, emergency orders, and recommendations regarding COVID-19.

 Hindsight is 20/20, and we recognize this Court has the benefit of hindsight but the
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 trial court did not. Instead, the trial court was dealing with a discovery dispute in

 the context of an unprecedented public health emergency. But the Courts “shall be

 open” and the Constitution is not suspended by any pandemic or emergency

 directives.

¶2 Defendant, Wilmington Health, appeals from the trial court’s order requiring

 all depositions to be taken by “remote videoconferencing in separate locations from

 the witness” and that “no counsel shall be physically present with the witness at any

 deposition.” Under the Rules of Civil Procedure, the trial court generally has broad

 discretion in resolving discovery disputes and entering orders limiting or setting

 guidelines for discovery, but here, the trial court’s order went beyond the relief

 requested by Plaintiff, Susan Hall, and imposed a limitation upon depositions of all

 witnesses which would also prevent Defendant’s counsel from being present in person

 at depositions of Defendant’s own witnesses and employees.

¶3 This wholesale ban on personal attendance of Defendant’s counsel at

 depositions of its own employees and witnesses presented the constitutional issue

 Defendant asserts in this appeal and was not supported by existing law, emergency

 orders, or evidence. The trial court’s order violated Defendant’s constitutional right

 by prohibiting counsel from being physically present at depositions of its own

 employees and witnesses. We reverse and remand for further proceedings.

 I. Background
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

¶4 This appeal arises from a discovery dispute in a medical malpractice action.

 On 29 April 2019, Plaintiff filed a complaint against Defendant alleging medical

 malpractice as defined by North Carolina General Statute § 90-21.11(2) (2017),

 asserting claims of negligence, gross negligence, and punitive damages, arising from

 Defendant’s alleged failure to timely diagnose skin cancer. Plaintiff alleged the delay

 in diagnosis and treatment of her cancer reduced her life expectancy. The issue

 presented here arises from the procedural history of the case and specifically from

 limitations placed upon depositions in the case, so we focus on that procedural

 history.

¶5 The trial court held a hearing regarding the discovery schedule in October 2019

 and rendered its ruling regarding the deadlines for the Discovery Scheduling Order

 (“DSO”) at the same time, but the DSO was not entered until 17 January 2020.

 Despite the delay in the issuance of the written order, the parties began complying

 with the schedule as set forth by the trial court in October 2019 prior to formal entry

 of the order. For example, the DSO required Plaintiff to designate her expert

 witnesses on or before 4 January 2020, and Plaintiff designated them on 3 January

 2020. Under the DSO, the deadline for depositions of Plaintiff’s expert witnesses was

 4 March 2020. Due initially to scheduling conflicts for Defendant’s counsel, the

 depositions of Plaintiff’s designated experts did not take place by the 4 March 2020

 deadline with Plaintiff instead offering the expert’s availability on 27 May 2020.
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

¶6 By early March, 2020, the COVID-19 pandemic reached our shores, abruptly

 changing daily life and even the legal system’s processes. On 10 March 2020,

 Governor Roy Cooper entered Executive Order No. 116, the first of many emergency

 orders entered in response to the COVID-19 pandemic.1 This order declared a state

 of emergency under North Carolina General Statute § 166A-19.3(6) and (19) based on

 “the public health emergency posed by COVID-19,” and also pertinently: (1) created

 the “Governor’s Novel Coronavirus Task Force on COVID-19”; (2) authorized state

 agencies to “cancel, restrict or postpone travel of state employees as needed to protect

 the wellbeing of others”; (3) ordered state and local health authorities to “implement

 public health surveillance and control measures” for people who “have been diagnosed

 with or are at risk of contracting COVID-19 in order to control or mitigate spread of

 the disease”; and (4) took a variety of other measures to secure and allocate resources

 to combat the spread of COVID-19 in the state. E.O. 116, Cooper, 2020, § 1 (state of

 emergency), § 10 (taskforce), § 11(b) (travel restrictions), § 12 (public health

 measures), §§ 5–9, 11(a), 13–22 (other measures). On 14 March 2020, Governor

 Cooper entered Executive Order No. 117, which, pursuant to his powers under North

 Carolina General Statute § 166A-19.30, prohibited “mass gatherings” of more than

 100 people in certain locations, closed schools, and encouraged social distancing, hand

 1 With the consent of the parties as noted during oral argument, we take judicial notice of the

 Executive Orders entered by Governor Roy Cooper.
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 washing and sanitizing, and the practice of “proper respiratory etiquette” in line with

 guidance from the Centers for Disease Control and Prevention (CDC). E.O. 117,

 Cooper, 2020, §§ 1–3.

¶7 On 1 June 2020, Plaintiff filed a motion to require depositions to be taken by

 telephonic or virtual means under North Carolina Rules of Civil Procedure 30(b)(7)

 and 26(c). Plaintiff based her motion upon the COVID-19 pandemic, specifically

 safety concerns regarding being in a room with several people for in-person

 depositions and the travel required to attend depositions. Plaintiff alleged

 depositions were set for 21 July 2020 of Dr. Steven Feldman in Wake Forest, North

 Carolina, and for 30 July 2020 of Dr. Jeffery Wayne, in Chicago, Illinois. Plaintiff

 further alleged in-person depositions would require air travel, putting people in close

 proximity in rooms for extended periods of time, and that masks may impair

 questioning and transcription of testimony. Plaintiff also noted Chief Justice Cheri

 Beasley had encouraged virtual depositions.2 On 12 June 2020, Defendant moved to

 2 We have reviewed all the emergency directives issued by Chief Justice Beasley in effect on

 the 1 June 2020 filing date of Plaintiff’s motion (Emergency Directives 1 to 19), and we did
 not find any instance in which she encouraged virtual depositions. Order of the Chief Justice
 Extending and Modifying Emergency Directives 2 to 8 (30 May 2020); Order of the Chief
 Justice Emergency Directives 9 to 16 (21 May 2020); Order of the Chief Justice Emergency
 Directives 17 to 19 for Staying all Pending Evictions and Establishing New Mediation
 Program (30 May 2020); see also Order of the Chief Justice Extending Emergency Directives
 1 to 8 until May 30 (1 May 2020) (indicating Emergency Directive 1 would expire May 30 but
 the terms of the directive required rescheduling most court proceedings until no sooner than
 1 June 2020 or conducting them remotely). Rather, the emergency directives focused on
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 amend the Discovery Scheduling Order due to COVID-19 and responded to Plaintiff’s

 motion for virtual depositions. Defendant specifically noted the parties had already

 agreed the deadline for Defendant to identify its expert witnesses would be extended

 from 15 June 2020 to 15 August 2020.

¶8 On 9 July 2020, Defendant filed a response to Plaintiff’s motion for virtual

 depositions. Defendant noted it had requested amendment of the Discovery

 Scheduling Order and alleged there would be sufficient time to do in-person

 depositions when pandemic restrictions were lifted. Defendant also highlighted that

 Rule 30 provides that attendance at a deposition may be compelled and a deponent

 may be required to attend a deposition only in the county of residence. In addition,

 Defendant contended none of the Chief Justice’s Emergency Directives prohibited

 standard in-person depositions. Defendant further noted civil jury trials were not

 being held and it was unknown when jury trials would resume, so the trial would not

 be able to proceed as scheduled on 8 February 2021.

¶9 By a remote videoconference hearing via WebEx, the trial court heard the

 Plaintiff’s motion for virtual depositions on 9 July 2020. At the hearing, Plaintiff’s

 remote court proceedings (Emergency Directives 1, 9), which are different because
 courthouses would bring more people together typically than a deposition. Order of the Chief
 Justice Extending Emergency Directives 1 to 8 until May 30 (1 May 2020); Order of the Chief
 Justice Emergency Directives 9 to 16 (21 May 2020). If Plaintiff was referring to
 encouragement by Chief Justice Beasley outside of the emergency directives, she did not
 include citation to such in her motion.
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 counsel noted his concerns regarding his personal health and potential exposure to

 COVID-19 as well as restrictions on travel. He also discussed the various

 technologies available for remote videoconferencing. As to the deposition scheduled

 in Chicago, he noted that restrictions on travel had recently been imposed, requiring

 travelers entering Chicago to quarantine for a period of 14 days.3 Plaintiff’s counsel

 also emphasized the need to proceed expeditiously with the case due to his contention

 Plaintiff’s life expectancy may be limited due to her skin cancer.

¶ 10 Defendant responded by noting Plaintiff’s medical records did not indicate she

 was unlikely to survive until the trial date and her recent evaluations were favorable,

 according to Defendant’s experts. He also noted depositions by videoconference in

 this case would be difficult due to the length of the depositions and need to refer to

 many exhibits. Defendant’s counsel then discussed the difficulty the parties had in

 scheduling Plaintiff’s deposition, which was delayed from April 2020 to July 2020

 3 We take judicial notice of Public Health Order No. 2020-10, Quarantine Restrictions on

 Persons Entering Chicago from High Case-Rate States, issued on 2 July 2020. As Plaintiff
 explained at the hearing, Public Health Order No. 2020-10 required anyone coming to
 Chicago from a “High Incidence State”—defined as “a COVID-19 new case rate greater than
 15 COVID-19 cases per 100,000 resident population per day, over a 7- day rolling average”—
 quarantine for 14 days or the duration of their time in Chicago, whichever was shorter.
 Public Health Order No. 2020-10, Quarantine Restrictions on Persons Entering Chicago from
 High Case Rate States, § 1. As of the 9 July 2020 hearing date, Plaintiff argued North
 Carolina counted as a High Incidence State, so any travelers to Chicago from North Carolina
 would be subject to the mandatory 14-day quarantine including the attorneys in this case if
 they traveled for an in-person deposition of Dr. Wayne. Our record does not include the North
 Carolina case rate statistics from July 2020, but Defendant does not dispute this
 characterization of the travel limitations at the time and we will assume it is correct.
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 because she was not feeling well in April. He indicated the case is factually complex,

 and considering the progression of the pandemic and cancellation of jury trials across

 the state, the case would not be able to be heard in February 2021 as scheduled.

 Defendant argued that in-person depositions have inherent benefits lacking in the

 videoconference setting: “There is definitely an advantage to evaluating someone by

 meeting them in person. I think that’s just common sense. If we all met our wives

 over a videoconference, things may have gone differently, and look what happened.”

¶ 11 After the hearing, the trial court rendered a ruling on both Plaintiff’s motion

 to hold depositions virtually and Defendant’s motion to amend the Discovery

 Scheduling Order. The trial court noted there were:

 two separate issues: One is defendant’s motion to be able
 to take the deposition telephonically or by virtual means --
 the plaintiff’s motion, rather -- and then the defendant not
 only responds that I should not allow that, but also that we
 revisit the scheduling order.

 The trial court further explained:

 I think the chief justice’s concern is that the Courts try to
 accomplish more, and it seems to me, if nothing else,
 there’s no reason for the depositions to be on hold. They can
 be conducted remotely, safely, and, it seems to me, an
 additional benefit is saving great expense for a number of
 folks that would have to travel, be housed somewhere.
 Even apart from the pandemic, though. If the witness came
 from Chicago, that’s some expense. If the lawyers go there
 or retain counsel in Illinois to depose the witness, that’s
 going to involve expense.
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 The trial court then allowed Plaintiff’s motion for virtual depositions and ordered

 depositions by both parties would be taken by videoconference. It also denied,

 without prejudice, Defendant’s motion to amend the Discovery Scheduling Order

 explaining, “I can’t predict what the pandemic is going to look like” so the court would

 consider revising the schedule based upon future developments.

¶ 12 Following its rulings at the hearing, the trial court issued its written order on

 the motions for remote depositions and to amend the DSO on 14 July 2020. The

 written order addressed a subject not raised before in the parties’ filings or at the

 hearing: whether deponents could have counsel present in-person with them. None

 of the previous filings and proceedings had mentioned any particular restrictions

 upon the deponent or limitation on the ability of a deponent to have counsel present

 at a deposition in person. Plaintiff’s motion did not request such a restriction. At the

 hearing, neither party addressed any limitations on counsel’s presence with a witness

 being deposed,4 and the trial court did not issue any ruling on this issue. Despite

 4 While Plaintiff’s counsel noted that in his experience the technology used for remote
 depositions has been “designed for one person to attend from a closed office, from their screen
 with a mike [sic] and a camera” as part of an argument about “technology logistical issues” if
 only he was remote but a witness and Defendant’s counsel were in the same room, Plaintiff
 ultimately concluded “[w]e’ve got to get the technology coordinated” where he could see
 Defendant’s counsel “and not to have that technology conflicting with each other.” Thus,
 Plaintiff’s counsel merely noted it may be technologically more difficult to have him as the
 only person remote rather than arguing for an order that everyone had to be separate.
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 that lack of prior mention of the subject, the trial court’s order barred physical

 presence of counsel with any witness as follows:

 IT IS THEREFORE ORDERED, ADJUDGED, AND
 DECREED that Plaintiff’s Motion to Require Depositions
 be Taken by Telephonic or Virtual Means is GRANTED,
 and all counsel shall appear at any and all depositions
 solely by remote videoconferencing and counsel shall not
 physically appear in the presence of the witness. The
 witness shall also appear by remote videoconferencing
 outside the physical presence of any counsel for any party.
 This Order shall apply equally to all parties and their
 counsel. Furthermore, all depositions by remote
 videoconferencing methods shall afford audio and visual
 interaction, with information to access and participate
 provided in the Notice of Deposition.

 (Emphasis added.) The same order also denied, without prejudice, Defendant’s

 motion to amend the DSO. Defendant filed notice of appeal on 10 August 2020.

 II. Jurisdiction

¶ 13 Before reaching the merits of this case, we must address whether this court

 has jurisdiction to hear the appeal. See, e.g., Dogwood Development and Management

 Co., LLC v. White Oak Transport Co., Inc., 362 N.C. 191, 197, 657 S.E.2d 361, 364–

 65 (2008) (explaining an appellate court must have jurisdiction to hear an appeal).

 Because the order from which Defendant appeals is not a final order resolving all

 claims, it is interlocutory. See Veazey v. City of Durham, 231 N.C. 357, 361–62, 57

 S.E.2d 377, 381–82 (1950) (laying out the distinction between final judgments and

 interlocutory orders).
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

¶ 14 While in general parties may not seek immediate appeal of an interlocutory

 order, they can appeal when the interlocutory order “affects some substantial right

 claimed by the appellant and will work an injury to him if not corrected before an

 appeal from the final judgment.” Department of Transp. v. Rowe, 351 N.C. 172, 174–

 75, 521 S.E.2d 707, 709 (1999) (quoting Veazey, 231 N.C. at 362, 57 S.E.2d at 381);

 see also N.C. Gen. Stat. § 1-277(a) (2019) (allowing appeal from every judicial order

 in district or superior court “which affects a substantial right claimed in any action

 or proceeding”); N.C. Gen. Stat. § 7A-27(b)(3)(a) (2019) (allowing appeal from any

 interlocutory order of a superior or district court in a civil proceeding that “[a]ffects a

 substantial right”).

¶ 15 Here, in its Rule of Appellate Procedure 28(b)(4) “Statement of Grounds for

 Appellate Review,” Defendant argues the order on appeal affects a substantial right

 and is therefore immediately appealable under North Carolina General Statutes §§

 1-277 and 7A-27(b)(3)(a) because the order deprives Defendant of its constitutional

 rights to due process and counsel and these rights will “be lost forever if uncorrected

 before appeal from final Judgment.”

¶ 16 Plaintiff filed a motion to dismiss the appeal on the grounds the order on appeal

 “is interlocutory, does not affect a substantial right, and is not immediately

 appealable.” In response to Plaintiff’s motion to dismiss and in the alternative to

 finding the order on appeal affects a substantial right, Defendant filed a petition for
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 writ of certiorari (“PWC”) under Rule of Appellate Procedure 21 to permit review.

 Defendant argues issuing the writ “will avoid undue delay, [and] promote judicial

 economy and the administration of justice . . . while preventing manifest injustice,

 avoiding unnecessary delays[,] and saving judicial resources.” Defendant later moved

 to amend the PWC to add two additional paragraphs emphasizing the novel nature

 of the order’s ban on all physical presence at depositions and addressing a

 preservation issue first raised in Plaintiff’s response brief. Plaintiff’s motion to

 dismiss and Defendant’s PWC and motion to amend the PWC all turn on our decision

 as to jurisdiction, so we turn to that issue now.

¶ 17 The first issue affecting our jurisdiction is whether the order on appeal affects

 a substantial right; if it does, we have jurisdiction and need not reach Defendant’s

 PWC. A substantial right is “a legal right affecting or involving a matter of substance

 as distinguished from matters of form: a right materially affecting those interests

 which a man is entitled to have preserved and protected by law: a material right.”

 Oestreicher v. American Nat. Stores, Inc., 290 N.C. 118, 130, 225 S.E.2d 797, 805

 (1976) (quotations and citation omitted). To help apply that definition, “a two-part

 test has developed—the right itself must be substantial and the deprivation of that

 substantial right must potentially work injury to plaintiff if not corrected before

 appeal from final judgment.” Goldston v. American Motors Corp., 326 N.C. 723, 726,
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 392 S.E.2d 735, 736 (1990) (citing Wachovia Realty Investments v. Housing, Inc., 292

 N.C. 93, 232 S.E.2d 667 (1977)).

¶ 18 “Admittedly the ‘substantial right’ test for appealability of interlocutory orders

 is more easily stated than applied. It is usually necessary to resolve the question in

 each case by considering the particular facts of that case and the procedural context

 in which the order from which appeal is sought was entered.” Waters v. Qualified

 Personnel, Inc., 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). Still, we do not need

 to decide whether the party claiming a substantial right would win on the merits; it

 is enough that a substantial right would be impacted if the party had to suffer the

 alleged harm. See Sharpe v. Worland, 351 N.C. 159, 164–65, 522 S.E.2d 577, 580–81

 (1999) (in a case where a party claimed statutory privilege as to certain documents,

 explaining the court, at the jurisdictional stage, did not need to determine whether

 the statutory privilege applied only whether it could apply).

¶ 19 Here, Defendant argues the trial court’s order impairs its due process right by

 preventing its attorney from being physically present at depositions of its own

 representative witnesses and experts. This Court has recognized “that civil litigants

 have a due process right to be heard th[r]ough counsel that they themselves provide.”

 Tropic Leisure Corp. v. Hailey, 251 N.C. App. 915, 920, 923–24, 796 S.E.2d 129, 133,

 135 (2017) (explaining the due process right has been widely recognized and then

 finding a due process violation when a litigant had no opportunity to be represented
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 by counsel in small claims court in a foreign jurisdiction). Since counsel at depositions

 represent clients by objecting to improper questions and protecting privileges, among

 other things, that due process right could apply here. Especially in the realm of

 privileges, which protect the other side from ever knowing the privileged information,

 see N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (stating privileged material is not even

 discoverable), Defendant could suffer harm—namely the inability to assert privilege

 and subsequent revelation of privileged information—if this order is not addressed

 before final judgment.

¶ 20 We have also previously recognized the “constitutional right to due process is

 a substantial right.” Savage Towing Inc. v. Town of Cary, 259 N.C. App. 94, 99, 814

 S.E.2d 869, 873 (2018). As a result, we find the order on appeal affects a substantial

 right in that it threatens Defendant’s constitutional due process rights. Therefore,

 we have appellate jurisdiction pursuant to North Carolina General Statutes §§ 1-

 277(a) and 7A-27(b)(3)(a).

¶ 21 Given the order on appeal affects a substantial right thereby granting

 appellate jurisdiction, we deny Plaintiff’s motion to dismiss the appeal. Because we

 have found Defendant has a right to appeal, we deny his PWC. We cannot grant a

 PWC based on Rule of Appellate Procedure 21 once we have found a right of appeal

 from an interlocutory order because the two are mutually exclusive. See Rule of

 Appellate Procedure 21(a)(1) (only allowing a writ of certiorari when, inter alia, “no
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 right of appeal from an interlocutory order exists”). Because we deny Defendant’s

 PWC, we also deny as moot his motion to amend the PWC. Having clarified the

 grounds for our jurisdiction and addressed the outstanding motions and petition, we

 turn to the merits of the case.

 III. Deprivation of Due Process and Right to Presence of Counsel

¶ 22 Defendant first contends the trial court erred “in entering an order that

 patently violates [Defendant]’s constitutional rights by, among other things,

 prohibiting counsel from being physically present at depositions of their clients,

 witnesses they represent[,] and witnesses they designate as expert witnesses.”

 Specifically, Defendant argues the order infringed on its due process right to

 “retained counsel being present at critical stages of litigation” without substantial

 justification. (Capitalization altered.) Defendant further asserts prejudice from this

 error is presumed.

 A. Preservation

¶ 23 Before reaching Defendant’s substantive arguments, we address whether the

 issue was preserved. Plaintiff contends Defendant waived its right to raise a

 constitutional argument on appeal by its failure to make this argument to the trial

 court. But Defendant responds it never had a chance to raise an objection or a

 constitutional argument regarding the trial court’s order that counsel not be allowed

 to be present with a witness or client during a deposition, as Plaintiff’s motion did
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 not request such a restriction and the trial court did not mention this restriction when

 rendering the ruling at the hearing on the motion. Defendant is correct, as the trial

 court’s order goes beyond the relief requested by Plaintiff by ordering restrictions on

 attendance at depositions and requiring that no attorney be present in the same room

 as a witness during a deposition. Plaintiff requested only that depositions be held by

 remote videoconference based upon Plaintiff’s counsel’s concerns regarding his own

 health and potential exposure to COVID-19 as well as restrictions on travel

 applicable to the deposition scheduled to be held in Chicago, Illinois. As a result,

 Defendant had no notice or opportunity to raise the issue of restrictions on its own

 counsel’s attendance. Until the trial court issued the order, Defendant had no reason

 to think such restrictions were forthcoming and would need to be the subject of an

 objection.

¶ 24 We also reject Plaintiff’s argument Defendant invited the error in this case.

 Plaintiff points to Defendant’s acceptance of the trial court’s discretion in the matter

 as invited error. Plaintiff isolates a single phrase, but looking at the whole

 paragraph, it is clear Defendant acknowledged the court’s discretion in the context of

 arguing it should exercise that discretion to deny Plaintiff's motion and allow in

 person depositions to move forward:

 It’s just not fair for him to be able to say yeah, those four
 months of COVID, I want to dictate that you have to do
 everything by videoconference, and you’re not going to be
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 able to move the trial. It’s just patently unfair, Your Honor,
 and we do agree -- the Court obviously has discretion, but
 we would submit that that rule, if you look at how it’s
 applied, has never been applied in this fashion, where Rule
 30 was used to prevent -- at least as far as I’m aware of any
 appellate case, to prevent in-person depositions.

 On top of this, the full quote above does not mention any restrictions on deposition

 attendance that Defendant allegedly invited, which it could not have done since those

 never came up at the hearing or at any time before the issuance of the written order

 on appeal. Thus, we reject both of Plaintiff’s arguments that Defendant failed to

 preserve the issue before us.

 B. Standard of Review

¶ 25 “As a general rule, we review the trial court’s rulings regarding discovery for

 abuse of discretion.” Myers v. Myers, 269 N.C. App. 237, 240, 837 S.E.2d 443, 447

 (2020); see also Hartman v. Hartman, 82 N.C. App. 167, 180, 346 S.E.2d 196, 203

 (1986) (indicating protective orders under Rule 26(c), the basis for Plaintiff’s motion,

 are subject to review for abuse of discretion). However, the restrictions imposed by

 the trial court in this case go beyond the typical discretionary matters involved with

 discovery orders.

¶ 26 For example, Rule of Civil Procedure 30(b)(7), upon which Plaintiff relied in

 arguing for remote depositions, allows a trial court upon a motion to order a

 deposition be taken by telephone. N.C. Gen. Stat. § 1A-1, Rule 30(b)(7) (2019). It
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 does not provide any guidance on whether a trial court could also bar a deposed

 party’s attorneys from being physically present with their own client during the call,

 which is the appropriate analogy to the court’s order here.

¶ 27 The general rule that de novo review is appropriate “in cases where

 constitutional rights are implicated,” as they are here, reinforces our determination

 that the de novo standard of review applies here. See Piedmont Triad Regional Water

 Authority v. Sumner Hills Inc., 353 N.C. 343, 348, 543 S.E.2d 844, 848 (2001) (“It is

 well settled that de novo review is ordinarily appropriate in cases where

 constitutional rights are implicated.”). Under the de novo standard of review, “the

 court considers the matter anew and freely substitutes its own judgment for that of

 the lower tribunal.” Cooper v. Berger, 256 N.C. App. 190, 193, 807 S.E.2d 176, 178

 (2017) (quoting Craig v. New Hanover Cty. Bd. of Educ., 363 N.C. 334, 337, 678 S.E.2d

 351, 354 (2009)); see also Parker v. Glosson, 182 N.C. App. 229, 231, 641 S.E.2d 735,

 737 (2007) (explaining de novo appeals involve the appellate court using the trial

 court’s record but reviewing the evidence and law “without deference to the trial

 court’s rulings” (quotations and citation omitted)).

 C. Analysis

¶ 28 Before analyzing the trial court’s order, we note it has three relevant elements.

 First, the trial court ordered that all depositions had to be held by remote

 videoconference. Second, the trial court ordered that no attorney and witness could
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 be present in the same room during a deposition. Third, the trial court imposed the

 same restrictions on all depositions without regard to where the deposition would be

 held or the particular circumstances of the deponent and counsel involved in a

 particular deposition.

¶ 29 The first of the two depositions in question in Plaintiff’s motion involved a

 doctor in Wake Forest, North Carolina, which would not involve substantial travel

 for counsel for either party. The other deposition was scheduled to be held in Chicago,

 and at the time, travel restrictions imposed by Chicago would have effectively

 prevented counsel from going to Chicago for the deposition, since anyone who

 travelled to the city would be required to quarantine for 14 days before being allowed

 to take the deposition in person. See Footnote 3, supra (explaining the relevant

 Chicago quarantine rules). And Defendant does not contend the trial court abused

 its discretion or violated any constitutional right by requiring the deposition of the

 expert witness in Chicago to be done by remote videoconference. That out-of-state

 deposition clearly presented different challenges than a deposition of a witness in

 North Carolina.

¶ 30 Despite only those two depositions being scheduled, our analysis includes

 potential depositions of Defendant’s employees and expert witnesses because the

 third part of the trial court’s order applied it to all depositions in the case. Plaintiff

 disputes this characterization, arguing “[t]he issue before the Court . . . only concerns
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 the taking of expert and non-Defendant witness depositions.” To support that

 argument, Plaintiff contends she had already taken depositions “of the only two

 employees of Defendant who had any involvement in the Plaintiff’s care” and nothing

 in the record “disclosed that Plaintiff has expressed any intention to seek depositions

 of the corporate Defendant or other employees not involved in Plaintiff’s care.”

 Plaintiff’s argument amounts to a claim that the right to counsel’s presence issue is

 moot. See Lange v. Lange, 357 N.C. 645, 647, 588 S.E.2d 877, 879 (2003) (defining

 moot as when “a determination is sought on a matter which, when rendered, cannot

 have any practical effect on the existing controversy” (quoting Roberts v. Madison

 County Realtors Assn., 344 N.C. 394, 398–99, 474 S.E.2d 783, 787 (1996))).

¶ 31 Presuming arguendo a mootness concern, mootness doctrine has a number of

 exceptions including, inter alia, a party’s voluntary cessation of the challenged

 conduct and questions of public interest. Thomas v. North Carolina Dept. of Human

 Resources, 124 N.C. App. 698, 705, 478 S.E.2d 816, 820–21 (1996). Voluntary

 cessation is an exception to mootness because of the risk the party could restart their

 offending practice once an appeal were dismissed. Id., 124 N.C. App. at 706, 478

 S.E.2d at 821. Here, while Plaintiff says she would not have further deposed

 Defendant’s employees, circumstances can change and she could change her mind if

 this appeal were dismissed. And Plaintiff still had not taken depositions of

 Defendant’s expert witnesses, who have not yet been designated.
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

¶ 32 Alternately, “even if an appeal is moot, we have a duty to ‘consider a question

 that involves a matter of public interest, is of general importance, and deserves

 prompt resolution.’” In re Brooks, 143 N.C. App. 601, 605, 548 S.E.2d 748, 751 (2001)

 (quoting N.C. State Bar, 325 N.C. 699, 701, 386 S.E.2d 185, 186 (1989)). In the past,

 this Court and our Supreme Court have ruled the public interest exception applies

 based on the case involving issues of first impression, the gravity and “far reaching”

 nature of the issue, and significant public debate on the issue. Id., 143 N.C. App. at

 606, 548 S.E.2d at 752 (first impression, gravity); Chavez v. McFadden, 374 N.C. 458,

 468, 843 S.E.2d 139, 147 (2020) (public debate).

¶ 33 Here, the public interest exception applies because the issue of banning counsel

 from being present in-person with their clients during depositions is a matter of first

 impression with a potentially far-reaching effect. The impact of COVID-19 and

 myriad restrictions imposed by various jurisdictions and entities is a still subject of

 significant public interest as demonstrated by a recent Proclamation from our Chief

 Justice on the subject. E.g. Proclamation, Supreme Court of North Carolina Chief

 Justice Paul Martin Newby, Restoration of Full Court Operations (Feb. 24, 2022)

 (recent proclamation advising judicial officials “to resume immediately full
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 courthouse operations”).5 As a result of these exceptions to mootness doctrine, the

 issue of attorney presence with Defendant’s representatives or witnesses during their

 depositions is properly before us.

¶ 34 In a similar vein to the mootness argument, Plaintiff contends the order on

 5 The Chief Justice’s Proclamation was distributed to the entire State judicial branch, but it

 is not formally published. Despite the lack of publication, courts are intended to use and rely
 on the proclamation in restoring full court operations. In recognition that the proclamation
 was not published, we reproduce its text in full here:
 “WHEREAS, Article I, Section 18 of the North Carolina Constitution provides that ‘[a]ll
 courts shall be open’ and that ‘justice shall be administered without favor, denial, or delay[;]’
 WHEREAS, the emerging COVID-19 pandemic necessitated the temporary suspension of
 some court operations in early 2020;
 WHEREAS, these limitations of court operations were extended multiple times throughout
 2020 by administrative orders;
 WHEREAS, I entered an order on 14 January 2021 allowing local court officials to resume
 in-person proceedings;
 WHEREAS, the Governor lifted all mass gathering limits on 14 May 2021 and announced
 that masking and social distancing requirements would no longer be needed in most places;
 and
 WHEREAS, I terminated all remaining emergency directives by an administrative order
 dated 7 June 2021;
 WHEREAS, federal and state officials have stated that COVID-19 will not be eliminated and
 that communities should return to their normal activities;
 WHEREAS, North Carolina is experiencing a significant decline in COVID-19 cases, vaccines
 remain readily available, and people are returning to normal daily life in other areas of
 society;
 WHEREAS, the Governor and state health officials have recently encouraged schools and
 local governments to end mask mandates and most municipalities and school boards have
 ended mask mandates;
 WHEREAS, some judicial districts are still limiting their court operations which impairs
 their ability to administer timely and impartial justice.
 NOW, THEREFORE, I advise all judicial officials to resume immediately full courthouse
 operations and administer justice without further delay as mandated by the North Carolina
 Constitution.”
 (Alterations in original.)
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 appeal “provided Defendant a mechanism to request a modification in the event

 Plaintiff’s counsel did seek additional depositions of Defendant or its employees.”

 (Italics removed.) Plaintiff’s argument rehashes the issue of whether the order on

 appeal is a final judgment or whether it is something less than final. We reject this

 argument because we have already ruled Defendant is entitled to an interlocutory

 appeal since the order on appeal affects a substantial right.

¶ 35 Turning to the primary issue, Defendant argues the trial court erred “by,

 among other things, prohibiting counsel from being physically present at dispositions

 of their clients, witnesses they represent and witnesses they designate as expert

 witnesses” because that infringes on Defendant’s due process right to “retained

 counsel being present at critical stages of litigation” without substantial justification.

 (Capitalization altered.) Defendant then argues prejudice from this error is

 presumed. We agree with Defendant that the trial court’s order violated its rights

 under the Constitution of the United States’ Fourteenth Amendment’s Due Process

 Clause.6

 6 Defendant also argues the order violates its rights under the North Carolina Constitution.

 Defendant argues the order violates both Article I, Section 25’s right of jury trial in civil cases
 and Article I, Section 19’s “law of the land” clause. The “law of the land” clause “is
 synonymous with ‘due process of law’ as used in the Fourteenth Amendment,” In re Moore’s
 Sterilization, 289 N.C. 95, 98, 221 S.E.2d 307, 309 (1976), so we find a violation of Defendant’s
 rights under the North Carolina Constitution on the same grounds as the Fourteenth
 Amendment Due Process Clause violation. As a result of finding that violation, we do not
 reach Defendant’s argument the order violates his right to trial by jury under Article I,
 Section 25.
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

¶ 36 We first note the relevant provisions of the Rules of Civil Procedure. Plaintiff’s

 motion was based upon Rules 26(c) and 30 of the North Carolina Rules of Civil

 Procedure. Under Rule 30(b)(7):

 The parties may stipulate in writing or the court may upon
 motion order that a deposition be taken by telephone. For
 the purposes of this rule and Rules 28(a), 37(a)(1) and
 45(d), a deposition taken by telephone is taken in the
 district and the place where the deponent is to answer
 questions propounded to him.

 N.C. Gen. Stat. § 1A-1, Rule 30(b)(7). Under Rule 26(c), a trial court has discretion,

 upon good cause shown, to enter orders to protect a party or person from

 “unreasonable annoyance, embarrassment, oppression, or undue burden or expense”

 including an order “(v) that discovery be conducted with no one present except

 persons designated by the court.” N.C. Gen. Stat. § 1A-1, Rule 26(c). This Court has

 noted:

 In order to determine whether a party or deponent has
 shown “good cause” for an order protecting him “from
 unreasonable annoyance, embarrassment, oppression, or
 undue burden or expense,” the trial court must consider the
 specific discovery sought and the factual circumstances of
 the party from whom discovery is sought. See, e.g.,
 Guessford v. Pa. Nat’l Mut. Cas. Ins. Co., 2013 WL
 2242988, *3, 2013 U.S. Dist. LEXIS 71636, *9–10
 (M.D.N.C., May 21, 2013) (“Rule 26(c)’s requirement of a
 showing of ‘good cause’ to support the issuance of a
 protective order . . . contemplates a particular and specific
 demonstration of fact[.]”) (quoting Jones v. Circle K Stores,
 185 F.R.D. 223, 224 (M.D.N.C.1999) (internal quotation
 omitted)), partial summary judgment granted in part and
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 denied in part on other grounds, 963 F.Supp.2d 652, 2013
 WL 5708053 (M.D.N.C. Oct. 18, 2013).

 In re Accutane Litigation, 233 N.C. App. 319, 323, 758 S.E.2d 13, 17 (2014).

¶ 37 The limitation on personal attendance of a deposition by counsel is unusual;

 no North Carolina case has previously addressed this type of limitation. Under Rule

 26, this type of limitation is normally intended to “protect the deponent from

 embarrassment or ridicule intended by the calling party.” Galella v. Onassis, 487

 F.2d 986, 997, n.17 (2d Cir. 1973). Very few federal cases address this type of

 limitation, but when imposed, the rationale normally has been the protection of the

 deponent from some sort of personal harassment or threat.

¶ 38 For example, in Gallela v. Onassis, under Rule 26(c) of Federal Rules of Civil

 Procedure, the trial court ordered that the plaintiff Mr. Gallela could not personally

 attend the deposition of defendant, Jacqueline Onassis, the widow of President John

 F. Kennedy, due to his long history of harassment of Ms. Onassis and the Kennedy

 family as a paparazzo and his violation of prior court orders.7 Id. at 991, 996–97. The

 United States Court of Appeals, Second Circuit, held the trial court acted within its

 discretion in excluding the plaintiff from Ms. Onassis’s deposition, noting:

 7 As the Court of Appeals noted, “Galella fancies himself as a ‘paparazzo’ (literally a kind of

 annoying insect, perhaps roughly equivalent to the English ‘gadfly.’) Paparazzi make
 themselves as visible to the public and obnoxious to their photographic subjects as possible
 to aid in the advertisement and wide sale of their works.” Galella, 487 F.2d at 991–92
 (footnote omitted).
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 At the time the order was issued, Galella had already been
 charged with violation of the court’s temporary restraining
 order which was entered to protect the defendant from
 further harassment. Such conduct could be deemed to
 reflect both an irrepressible intent to continue plaintiff’s
 harassment of defendant and his complete disregard for
 judicial process. Anticipation of misconduct during the
 examination could reasonably have been founded on either.

 Id. at 997. Certainly, this case presents a very different situation, but the trial court

 had discretion to address the circumstances of the depositions under Rule 26(c).

 Plaintiff did not claim to need protection from “unreasonable annoyance,

 embarrassment, oppression.” N.C. Gen. Stat. § 1A-1, Rule 26(c). Plaintiff’s concerns

 arose from “undue burden or expense” caused by health risks posed by COVID-19 and

 limitations on travel created by COVID-19 emergency orders. Thus, the trial court

 had discretion to enter an order limiting discovery under Rules 26 and 30, for good

 cause shown, but the question presented here is whether those limitations went so

 far as to infringe upon Defendant’s due process rights to representation by counsel in

 the depositions of its own employees and expert witnesses.

¶ 39 In pertinent part, the Fourteenth Amendment provides no state shall “deprive

 any person of life, liberty, or property, without due process of law.” U.S. Const.

 amend. XIV, § 1. This Court has previously recognized “that civil litigants have a due

 process right to be heard th[r]ough counsel that they themselves provide.” Tropic

 Leisure, 251 N.C. App. at 920, 923–24, 796 S.E.2d at 133, 135 (explaining the due
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 process right has been widely recognized and then finding a due process violation

 when a litigant had no opportunity to be represented by counsel in small claims court

 in a foreign jurisdiction). Tropic Leisure also provides guidance for future

 explanations of the contours of the right. First, the Tropic Leisure Court lists “[a]

 number of state and federal courts” that “have expressly recognized this principle

 over the past few decades.” Id., 251 N.C. App. at 921, 796 S.E.2d at 133–34. Second,

 as pertinent here, the court explained the due process right to be heard through

 retained counsel includes assistance at “the critical fact-finding phase of the

 litigation.” Id., 251 N.C. App. at 923, 796 S.E.2d at 135. There “is simply no

 substitute for the opportunity to have his chosen counsel develop a factual record at

 trial.” Id. While Tropic Leisure focused on the trial context at issue in that case, its

 emphasis on the importance of access to the legal assistance of retained counsel in

 developing a factual record extends to the discovery context at issue here.

¶ 40 Our extension of the right to retained counsel in civil cases to the discovery

 context finds additional support in the federal cases to which Tropic Leisure cites.

 251 N.C. App. at 921, 796 S.E.2d at 133–34. In Danny B. ex rel. Elliott v. Raimondo,

 the First Circuit explained the “fundamental principle” that “[c]ivil litigants have a

 constitutional right, rooted in the Due Process Clause, to retain the services of

 counsel” and how that right “safeguards a litigant’s interest in communicating freely

 with counsel both in preparation for and during trial.” 784 F.3d 825, 831 (1st Cir.
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 2015); see also Tropic Leisure, 251 N.C. App. at 921, 796 S.E.2d at 133 (citing Danny

 B.). “After all, the right to retain counsel would be drained of meaning if a litigant

 could not speak openly with her lawyer about her case and how best to prosecute it.”

 Danny B., 784 F.3d at 831. Given Danny B.’s emphasis on safeguarding a litigant’s

 interest in communicating freely in preparation for trial, it further supports

 extending the due process right to retain counsel to the discovery context.

¶ 41 Another case cited by Tropic Leisure, Potashnick v. Port City Const. Co., 609

 F.2d 1101 (5th Cir. 1980), also supports Defendant’s position. See Tropic Leisure, 251

 N.C. App. at 921, 796 S.E.2d at 133–34 (citing Potashnick). In that case, the Fifth

 Circuit first provided a historical overview of how the right to retain counsel in civil

 litigation is implicit in the concept of due process. 8 Potashnick, 609 F.2d at 1117

 (citing Powell v. Alabama, 287 U.S. 45, 69, 53 S. Ct. 55 (1932)).9 The Potashnick

 Court further explained the Due Process Clause’s right to retain civil counsel reflects

 8 The Potashnick court relied on the Fifth Amendment Due Process Clause, but the promise

 of due process in that clause is the same as in the Fourteenth Amendment’s Due Process
 Clause. E.g. Malinski v. New York, 324 U.S. 401, 415, 65 S. Ct. 781, 788 (1945) (“To suppose
 that ‘due process of law’ meant one thing in the Fifth Amendment and another in the
 Fourteenth is too frivolous to require elaborate rejection.”).
 9 While Powell was a criminal case, its decision “was based on the due process clause rather

 than the Sixth Amendment (which had not yet been held applicable to the states), and its
 logic embraces civil litigation.” Guajardo-Palma v. Martinson, 622 F.3d 801, 803 (7th Cir.
 2010). This distinction between the Due Process Clause’s right to civil counsel and the Sixth
 Amendment’s right to criminal counsel also leads us to reject Defendant’s argument that “the
 well recognized constitutional right to have counsel physically present in criminal cases
 applies to this case.” (Capitalization altered.)
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 that “the litigant usually lacks the skill and knowledge to adequately prepare his

 case, and he requires the guiding hand of counsel at every step in the proceedings

 against him.” Id. at 1118 (emphasis added). Thus, Potashnick also supports

 extending the right to discovery proceedings.

¶ 42 Based on Tropic Leisure and the cases upon which it relied, we hold the due

 process right to retain and have counsel heard in civil cases extends to having the

 assistance of retained counsel at depositions. Tropic Leisure and the federal cases it

 relied upon emphasize the importance of having retained counsel’s assistance

 throughout the legal process including fact-finding phases such as discovery. See

 Tropic Leisure, 251 N.C. App. at 923, 796 S.E.2d at 135 (emphasizing the importance

 of retained counsel’s assistance with fact-finding phase of litigation); Danny B., 784

 F.3d at 831 (highlighting the need to freely communicate with counsel in preparation

 for trial); Potashnick, 609 F.2d at 1118 (explaining a litigant “requires the guiding

 hand of counsel at every step in the proceedings”) (emphasis added); see also King v.

 Koucouliotes, 108 N.C. App. 751, 755, 425 S.E.2d 462, 464 (1993) (explaining one

 purpose of discovery is to sharpen factual issues for trial).

¶ 43 As Defendant asserts, discovery is a particularly pertinent stage to ensure the

 right to assistance of retained counsel in civil cases because depositions can be used

 at trial to impeach witnesses or even in place of witness testimony in certain

 circumstances. See N.C. Gen. Stat. § 1A-1, Rule 32(a) (listing ways depositions can
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 be used at trial or at hearings for motions). Rule 32(a)(3) is particularly significant

 because it allows the deposition of an organizational representative under Rule

 30(b)(6) or 31(a) to be “used by an adverse party for any purpose, whether or not the

 deponent testifies at the trial or hearing” and Defendant here is an organization. Id.,

 Rule 32(a)(3). Thus, the assistance of retained counsel at depositions supports the

 core right to have retained counsel at trial.

¶ 44 While it extends to depositions, the due process right to the assistance of

 retained counsel in civil cases has limits. See Adir International, LLC v. Starr

 Indemnity and Liability Company, 994 F.3d 1032, 1040 (9th Cir. 2021) (explaining

 the “narrow scope of the due process right to retain counsel” by contrasting it to the

 Sixth Amendment’s “much more robust” right to counsel and by looking to the

 “original public meaning of the term ‘due process’”).

¶ 45 We find the approach in Danny B to analyzing the boundaries of the due

 process right persuasive: “[A] court may not restrain a litigant’s access to counsel

 without some substantial justification, and any such restraint should be narrowly

 tailored to respond to the concern that prompted it.” Danny B., 784 F.3d at 832. We

 find this test persuasive for two reasons. First, the examination’s focus on a

 substantial interest and narrow tailoring involve a heightened scrutiny analysis

 common in the area of due process, albeit in a substantive rather than procedural

 sense. See, e.g., M.E. v. T.J., 275 N.C. App. 528, 549–51, 854 S.E.2d 74, 95–96 (2020)
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 (explaining the interrelation between substantive and procedural due process before

 explaining state action encroaching on fundamental rights triggers strict scrutiny

 analysis as part of substantive due process), aff’d, 2022-NCSC-23.10 Second, it

 ensures a case and fact-specific analysis of the due process issues. See Anderson v.

 Sheppard, 856 F.2d 741, 749 (6th Cir. 1988) (explaining the importance of focusing

 on “the circumstances present in every case” when determining whether a litigant’s

 due process rights to retain counsel were violated) (quotations and citation omitted).

¶ 46 Here, the issue is slightly more nuanced than just whether there is a due

 process right to retained counsel at depositions that we recognized above. The trial

 court order does not ban litigants from having counsel at their depositions; it bans

 deponents from having counsel physically present in the same space as them. In this

 case, the trial court’s order banning retained counsel from being physically present

 with their client during depositions, without consideration of the circumstances of the

 particular deposition or preferences of the deponent and attorney involved in the

 10 Danny B.’s test blends two versions of heightened scrutiny. It draws the substantial
 government interest from First Amendment law. See Malecek v. Williams, 255 N.C. App.
 300, 307, 804 S.E.2d 592, 598 (2017) (explaining content-neutral laws will be upheld if
 “narrowly drawn to further a substantial governmental interest . . . .” (quoting Clark v. Cmty.
 For Creative Non-Violence, 468 U.S. 288, 294, 104 S. Ct. 3065 (1984))). It draws the narrow
 tailoring requirement from strict scrutiny, which applies to substantive due process claims,
 among others. See, e.g. State v. Fowler, 197 N.C. App. 1, 21, 676 S.E.2d 523, 540 (2009) (“If
 the right is constitutionally fundamental, then the court must apply a strict scrutiny analysis
 . . . .”); Washington v. Glucksberg, 521 U.S. 702, 721, 117 S. Ct. 2258, 2268 (1997) (explaining
 the Fourteenth Amendment protects fundamental liberty interests “unless the infringement
 is narrowly tailored to serve a compelling state interest”) (quotations and citation omitted).
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 deposition, violates the Due Process Clause.

¶ 47 The reasoning supporting the due process right to retained counsel at

 depositions in general supports a narrower right to have counsel physically present.

 Danny B. emphasizes a “litigant’s interest in communicating freely with counsel.”

 784 F.3d at 831. Further, Potashnick recognizes a litigant “requires the guiding hand

 of counsel at every step in the proceedings against him.” 609 F.2d at 1118. In the

 context of depositions, an attorney may need to step in to object to the form or

 substance of questions or even to protect privileged material. The attorney’s role in

 protecting privileged material is especially important because privileges aim to

 ensure privileged information is never revealed to the other side. See N.C. Gen. Stat.

 § 1A-1, Rule 26(b)(1) (stating privileged material is not discoverable). In these

 situations, an attorney’s physical presence provides greater protection to a client than

 interacting remotely.

¶ 48 As Defendant contends, some deponents are more skilled at using the

 technology required for a remote deposition than others; some may require in-person

 assistance even to set up and operate the computer, camera, and microphone. Or a

 technological glitch could occur when counsel was trying to tell her client not to

 answer a question on the ground of privilege, thereby risking the privileged

 information is disclosed in spite of Rule 26(b)(1)’s protections from discovery. The

 attorney and deponent should normally be able to make their own decision of their
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 physical proximity during a deposition. An attorney may choose to participate apart

 from her client, but a court order forcing an attorney to participate remotely,

 physically apart from the client, implicates the client’s due process rights.

¶ 49 Our conclusion is reinforced by persuasive caselaw from other jurisdictions

 that emphasize allowing a litigant’s counsel to participate in-person in depositions

 helps ensure effective representation. In a pre-pandemic case, Redmond v. Poseidon

 Personnel Services, S.A., the trial court found denying a corporate client “the

 opportunity to have its attorney present during the Rule 30(b)(6) deposition would

 inhibit defense counsels’ duty to effectively and competently represent their foreign

 clients.” 2009 WL 3486385, *3, 2009 U.S. Dist. LEXIS 104749, *10 (E.D. La. 2009).

 Similarly in State v. Purdue Pharma L.P., issued in August 2020, close in time to

 when the dispute here occurred, the trial court relied on Redmond’s emphasis on the

 greater effectiveness of counsel in person in determining deponents “should still have

 access to in-person counsel if they wish.” 2020 R.I. Super. LEXIS 69, *5–6 (R.I.

 Superior Ct. 2020). While these cases do not rely on the Due Process Clause

 specifically, they support the overall point that in-person access to counsel has

 benefits over counsel merely participating in depositions remotely apart from their

 clients. As a result, the trial court’s order banning litigants’ attorneys from assisting

 in person at all depositions, which could include depositions of their clients, without

 any consideration of the circumstances of the particular deposition, implicates
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 Defendant’s due process rights as laid out above.

¶ 50 Given Defendant’s due process rights are implicated here, we conduct the

 interest and tailoring inquiry adopted from Danny B. Presuming arguendo the

 COVID-19 pandemic constitutes a substantial interest, the trial court order barring

 attorneys from attending a deposition in person with their own clients and witnesses

 during otherwise remote depositions was in error because it was not narrowly

 tailored. The trial court could have used a less restrictive approach to achieve the

 same outcomes. See Doe v. District of Columbia, 697 F.2d 1115, 1120 (D.C. Cir. 1983)

 (explaining narrow tailoring means that there were no means less restrictive of a

 party’s access to their lawyer); see also Danny B., 784 F.3d at 832 (citing Doe when

 announcing its narrow tailoring requirement).

¶ 51 Here, Plaintiff’s motion sought remote depositions due primarily to her

 counsel’s personal health concerns. The trial court could have allowed remote

 depositions to account for the health concerns of Plaintiff’s counsel without also

 preventing Defendant’s counsel and parties who may not have the same health

 concerns from being together during a deposition. Further, to the extent Plaintiff’s

 motion was based on travel restrictions, the trial court could have also made clear
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 there was no need for Plaintiff’s counsel or witness to travel.11 Again, that measure

 could have been taken without barring Defendant’s counsel and willing witnesses

 from traveling to attend depositions together in the future. Since the trial court

 possessed less restrictive means at its disposal to achieve the same goals, it did not

 narrowly tailor its restriction on Defendant’s due process rights to retained counsel

 and to have retained counsel physically present.

¶ 52 Further, the trial court erred because it failed to consider the specific

 circumstances of the particular witnesses and locations at issue. See Anderson, 856

 F.2d at 749 (emphasizing the need to focus on “the circumstances present in every

 case” when determining whether a litigant’s due process rights to retain counsel were

 violated). For example, Chicago had travel restrictions due to COVID-19 that made

 it impossible, in practice, for the attorneys to travel there because they would have

 had to quarantine for 14 days upon arrival. See Footnote 3, supra (explaining

 Chicago’s COVID-19 travel restrictions at the time). In that situation, the trial court

 could allow a remote deposition, and it also would not have impacted Defendant’s

 right to retained counsel because it was a deposition of one of Plaintiff’s experts.

 However, the other deposition of a local doctor in Wake Forest would not have raised

 11 Defendant notes that Plaintiff selected her expert witness in Chicago prior to the pandemic.

 Plaintiff would have been aware of the potential expenses for travel when she selected the
 expert and the pandemic did not change this factor; the pandemic only made travel
 impractical at the time that deposition was scheduled in July 2020.
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 the same concerns because North Carolina did not have state or local travel

 restrictions for in-state residents such as the parties’ counsel. See Crawford v. Blue

 Ridge Metals Corporation, 2020 WL 4001093, *2–3, 2020 U.S. Dist. LEXIS 125918,

 *5–7 (W.D.N.C. 2020) (federal case denying a litigant’s motion for remote depositions

 in partial reliance on the fact that the deposition would comply with all state and

 local public health guidelines, which would therefore have not banned in-person

 depositions since North Carolina was in phase two of reopening). Further, none of

 the executive orders or emergency directives from the Chief Justice noted above

 restricted in-person depositions.

¶ 53 In addition to those two depositions, which were the basis of Plaintiff’s motion,

 the trial court entered an order affecting “any and all depositions” in the case without

 regard for possible changes in circumstances arising from the COVID-19 pandemic.12

 The trial court’s order came at a time before vaccines were available, but by Spring

 2021 vaccines became available for any adults who wanted them. E.g. Governor

 Cooper Announces Accelerated Timeline for Vaccination Eligibility, North Carolina

 Governor Roy Cooper (Mar. 25, 2021), https://governor.nc.gov/news/press-

 releases/2021/03/25/governor-cooper-announces-accelerated-timeline-vaccination-

 12Indeed, Defendant does not contend the trial court order would have presented any
 constitutional issue if it had addressed only the two depositions addressed by Plaintiff’s
 motion, of Plaintiff’s expert witnesses, even with the same limitations on attendance.
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 eligibility (announcing all adults would be eligible for vaccines by 7 April 2021).

¶ 54 The impact of COVID-19 on the operations of the courts has also changed in

 the time since the trial court entered its order. For example, when the trial court

 entered its order on 14 July 2020, sixteen emergency directives issued by the Chief

 Justice were in effect to address the impact of COVID-19 on the courts. Order of the

 Chief Justice Extending Emergency Directives 2 to 8 (29 June 2020) (extending

 emergency directives 2 to 8 until 29 July 2020); Order of the Chief Justice Extending

 Emergency Directives 9 to 16 (20 June 2020) (extending emergency directives 9 to 16

 until 20 July 2020); Order of the Chief Justice Extending Emergency Directives 18

 (29 June 2020) (extending emergency directive 18 until 24 July 2020). Less than a

 year later, the Chief Justice had revoked the final emergency directive. See Order of

 the Chief Justice Revocation of the June 7 Order (21 June 2021) (“No more Emergency

 Directives remain in place.”).

¶ 55 Recently, the Chief Justice issued a proclamation that all judicial officials

 should “resume immediately full courthouse operations and administer justice

 without further delay as mandated by the North Carolina Constitution.”

 Proclamation, Restoration of Full Court Operations, supra; see also Footnote 5, supra

 (providing full text of proclamation). The trial court could not be expected to foresee

 these developments, but it erred by restricting Defendant’s right to the presence of

 retained counsel at all depositions without regard to the circumstances of a particular
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

 deposition and without allowance for changes in the restrictions related to COVID-

 19.

¶ 56 Finally, as to its constitutional rights argument, Defendant argues “prejudice

 is presumed in this case.” (Capitalization altered.) We agree. As Danny B. explained,

 denial of the right to assistance of retained counsel frustrates the right to counsel,

 which “is a right of the highest order of importance.” 784 F.3d at 834. As such,

 prejudice “can fairly be presumed.” Id. Given we have found the trial court order

 here failed the test from Danny B., prejudice can be fairly presumed. On de novo

 review, the trial court erred in ordering the witnesses had to be physically separate

 from their attorneys during all depositions.

 IV. Motion to Amend Discovery Scheduling Order

¶ 57 In addition to his constitutional argument, Defendant asserts the trial court

 erred by denying its motion to amend the Discovery Scheduling Order. We do not

 need to address this argument. The trial court’s order denying the motion to amend

 the DSO to continue the scheduled trial was made “without prejudice to address these

 issues in the future.” The DSO set the trial date for 8 February 2021, which has

 obviously passed due to the delay from this appeal. On remand and consistent with

 this opinion, the trial court will have to address the discovery and trial schedule

 again.

 V. Conclusion
 HALL V. WILMINGTON HEALTH, PLLC

 2022-NCCOA-204

 Opinion of the Court

¶ 58 After de novo review, we hold the trial court erred by ordering counsel could

 not be in the physical presence of their own witnesses or clients during remote

 depositions, without consideration of the particular circumstances of the deposition’s

 timing, location, or persons involved, because this restriction violates Defendant’s due

 process right to retained counsel.

¶ 59 Because the trial date in the original Discovery Scheduling Order has already

 passed, we do not address Defendant’s argument the trial court erred in denying,

 without prejudice, his motion to continue the trial date. On remand, the trial court

 must address the discovery schedule and trial date.

 REVERSED AND REMANDED.

 Judge TYSON concurs.

 Judge DILLON dissents.
 No. COA20-864 – Hall v. Wilmington Health, PLLC

 DILLON, Judge, dissenting.

¶ 60 Plaintiff commenced this malpractice suit in 2019. In July 2020, during the

 early days of the COVID-19 pandemic, the trial court entered an order, directing that

 depositions be taken remotely and that no counsel be allowed to be physically present

 with any deponent. The next month, in August 2020, Defendant appealed this order,

 specifically the directive prohibiting any counsel to be in the same room as the

 deponent. In December 2020, Plaintiff filed her motion to dismiss the appeal so that

 the matter could proceed in the trial court. The matter was ultimately heard by our

 Court in September 2021.

¶ 61 The majority concludes that Defendant’s appeal, though interlocutory, affects

 a substantial right. The majority further concludes that the trial court’s order should

 be reversed, contending that the order violates Defendant’s due process rights. I

 disagree on both counts. My vote is to grant Plaintiff’s motion to dismiss based on

 my conclusion that the discovery order is interlocutory and does not affect a

 substantial right (and I would not grant Defendant’s PWC). Even if the order does

 affect a substantial right, I do not see how that right was forever lost by the order.

¶ 62 The majority cites numerous cases for the proposition that a party has a due

 process right to counsel at depositions. I do not disagree. But these cases are not

 relevant to this appeal, as there is nothing in the appealed order prohibiting

 Defendant’s counsel to be present and fully participate in depositions, albeit remotely.
 HALL V. WILMINGTON HEALTH, PLLC
 2022-NCCOA-204
 DILLON, J., dissenting

¶ 63 And I do not believe that the order’s prohibition of Defendant’s counsel to be

 physically present in the same room as any deponent violates Defendant’s due process

 rights, which is the basis of Defendant’s “substantive right” argument.

¶ 64 The majority recognizes that this issue is one of first impression in North

 Carolina. The majority then cites the Redmond case, a pre-COVID-19 case from a

 federal court in Louisiana, and the Purdue case, a 2020 case from Rhode Island, to

 support its position. See Redmond v. Poseidon Pers. Servs., S.A., 2009 U.S. Dist.

 LEXIS 104749 (E.D. La. Oct. 19, 2009); see also State v. Purdue Pharma L.P., 2020

 R.I. Super. LEXIS 69 (R.I. Super. Ct. Aug. 18, 2020). The majority, though, fully

 recognizes that neither case was decided on due process grounds. Further, in Purdue,

 the court recognized that there was no absolute right to have counsel present, leaving

 open the door for the trial court to require depositions to proceed if there was some

 pandemic-based barrier to prevent counsel from being able to be physically present

 in the deponent’s location. Purdue, 2020 R.I. Super. LEXIS 69, at *6. Of Redmond,

 another federal court during the height of the COVID-19 pandemic found the pre-

 COVID-19 Redmond decision distinguishable:

 The Court is not blind to nor is it ignoring the very real
 challenges involved in conducting remote video depositions
 in a case like this with so many parties and lawyers. But
 unless the Court is going to stay all depositions that cannot
 proceed by agreement (whether in-person or remotely)
 until there is a cure or a vaccine for COVID-19, or
 something approaching so-called herd immunity, which it
 is unwilling to do on a blanket basis, the parties and their
 HALL V. WILMINGTON HEALTH, PLLC
 2022-NCCOA-204
 DILLON, J., dissenting

 counsel are going to have to . . . adapt, make some choices,
 be creative, and compromise in this and every other case in
 which they are involved during this time without modern
 precedent.

 WCR, Inc. v. W. Can. Plate Exchanger, Ltd., 2020 U.S. Dist. LEXIS 236820, at *7

 (S.D. Ohio Dec. 16, 2020) (quoting In re Broiler Chicken Antitrust Litig., 2020 U.S.

 Dist. LEXIS 111420, at *5 (N.D. Ill. June 25, 2020)).

¶ 65 Even if there is some implication of due process rights, there is no showing that

 the order risks this substantial right being lost without an immediate appeal. I note

 the majority’s concern of some risk that a deponent might divulge confidential

 information without their attorney being in the same room. However, other courts

 have considered similar issues and have demonstrated that a party is not unduly

 prejudiced by not having counsel in the same room to defend a deposition:

 Plaintiffs argue that they should have the option to be in
 the same room with their individually named clients or any
 willing third-party witness while the deposition is taken.
 Even in those situations, Plaintiffs have made no showing
 of prejudice or hardship to counsel that cannot be overcome
 when participating remotely along with all other
 participants. While the Court appreciates the role of
 counsel in defending a witness during a deposition,
 counsel’s role during a deposition is limited. Defense
 counsel can carefully listen to questions and make
 appropriate objections, and they can still do this remotely.
 The parties are encouraged to develop protocols to address
 any concerns with the process for making objections or
 instructing a witness not to answer. For example, other
 courts have addressed the issue of how to allow for a
 witness to pause before answering questions when being
 deposed remotely to allow for their attorney to consider
 HALL V. WILMINGTON HEALTH, PLLC
 2022-NCCOA-204
 DILLON, J., dissenting

 whether to lodge any objections. Further, remote
 deposition protocol can provide for more frequent breaks if
 needed, and counsel can connect with their clients or
 witnesses in a private virtual “breakout room” or by a
 separate remote connection during those breaks.

 H & T Fair Hills, Ltd. v. All. Pipeline L.P., 2020 U.S. Dist. LEXIS 167074, at *9-10

 (D. Minn. Sept. 14, 2020) (internal citation omitted). In In re Broiler, the court

 described a process which could be followed to ensure that confidential information

 would not be accidentally divulged by a deponent:

 [T]o guard against a witness answering a question when
 the technology prevents the witness’s counsel, who like the
 witness is participating in the deposition remotely and
 from a different location, from lodging an objection or
 instructing the witness not to answer the question, the
 parties might consider adopting a convention that would
 allow a witness to answer a question only after the lawyer
 defending the deposition says the witness can answer. A
 simple, “you may answer” would suffice. The Court is
 confident the parties can come up with other conventions
 that can make the taking and defending of remote
 deposition more palatable.

 In re Broiler, 2020 U.S. Dist. LEXIS 111420, at *85 n.3.

¶ 66 Though not directly on point, the Federal Rules of Civil Procedure expressly

 allow a court to order that a deposition be taken by telephone. Fed. R. Civ. P. 30(b)(4).

 In a federal case from North Carolina, a court held that “[i]n civil cases, the better

 rule is that a request for a telephonic deposition should not be denied on the mere

 conclusory statement that it denies the opportunity for face-to-face confrontation.”

 Jahr v. IU Int’l Corp., 109 F.R.D. 429, 432 (M.D.N.C. 1986).
 HALL V. WILMINGTON HEALTH, PLLC
 2022-NCCOA-204
 DILLON, J., dissenting

¶ 67 Reaching the merits of the appeal, for the reasons stated above, I do not believe

 that the trial court’s order violated Defendant’s due process rights. And while I might

 not have entered a similar order if I were the trial judge, I do not believe Defendant

 has adequately shown how the trial court abused its discretion in entering the order.

¶ 68 In conclusion, I simply do not see a substantial right, much less one that would

 have been forever lost without an immediate appeal, to justify essentially putting this

 case on hold for over a year and a half to resolve this discovery issue.